Bernstein, J.
The plaintiff filed a civil complaint alleging breach of contract, unjust enrichment and fraud against the holder of a promissory note for the purchase of a timeshare. On the defendant’s motion, the trial court dismissed the plaintiffs complaint for lack of personal jurisdiction.[3] The plaintiff appealed pursuant to Dist./Mun. Cts. R. A D. A., Rule 8A
At issue is whether the defendant has the requisite minimum contacts in Massachusetts to satisfy the statutory and constitutional requirements of the Massachusetts long arm statute, G.Lc. 223A, §§3 (a) and (d) to enable plaintiff to bring suit in this jurisdiction. The burden is on plaintiff to establish facts upon which the question of personal jurisdiction over a defendant is to be determined. Droukas v. Divers Training Academy, Inc., 375 Mass. 149 (1978).
Sections 3(a) and (d) of G.L.c. 223A state that “a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s (a) transacting any business in this commonwealth,” or... “(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.” For the reasons set forth herein, we vacate the court’s allowance of the motion to dismiss.
The facts set forth in the pleadings and affidavits are as follows. Plaintiff resided in Sandwich, Massachusetts and had a regular place of business in Boston. Defendant owned and operated the Dawn Beach Hotel on the island of St. Maarten, Netherlands Antilles and leased and sold timeshares therein. Plaintiff learned of the hotel by way of defendant’s advertising in the Boston Globe newspaper, list *107 ings with various travel agencies and receipt of mailings at his home listing the hotel. He made reservations at the hotel in March, 1995 and vacationed there. While at the hotel, he was solicited by a hotel agent to purchase a timeshare for one unit for one week per year. In March, 1995, plaintiff entered into a timeshare contract with defendant and purchased and leased a unit at the Dawn Beach Hotel. Plaintiffs occupancy was to commence in 1996. The unit sold for $10,500 on terms which included a deposit of $2,625 and the balance to be paid in monthly payments of $146.48 over a period of seven years beginning on May 1, 1995. Plaintiff executed a promissory note.[4] In April, 1995 plaintiff received at his home in Massachusetts books of installment payment coupons for regular monthly payments.
Plaintiff learned in September, 1995 that the hotel was demolished by a hurricane. Thereafter, the defendant assured plaintiff by way of nine letters and newsletters sent to plaintiffs residence in the Commonwealth that defendant was negotiating an insurance settlement and preparing plans to rebuild. Among other things, defendant’s newsletters described plans for clean up and reconstruction as well as reminders to continue making payments to avoid foreclosure. Defendant represented that the property was fully insured and that it would be rebuilt. As indicated in the newsletters defendant had been in litigation with the insurer over the insurance coverage. Defendant continued, however, to urge plaintiff to continue to make payments so that he would be in good standing when the hotel was rebuilt. Relying on the representation that the hotel would be rebuilt and that sufficient insurance proceeds were available, plaintiff continued to make the monthly payments, which were drawn on Massachusetts banks. In May 1997, defendant notified plaintiff by letter that it would be selling the hotel, rather than rebuilding, and that any member in default would not share in the proceeds. Because the casualty claim exceeded the insurance proceeds, the hotel was declared insolvent and placed in the hands of a trustee. Defendant acknowledged that the destruction of the hotel nominally called for the termination of the rights of the timeshare owners, but took the position that it would reimburse timeshare holders a portion of the proceeds if they were current in payments. The plaintiff ceased paying and instituted suit in Massachusetts to recover payments previously remitted. Plaintiff had made twenty-five monthly payments up to the time he instituted suit. Together with his deposit, he paid $6287.
At the hearing on the motion to dismiss, the court allowed seven days for the plaintiff to produce some proof of solicitation by defendant in Massachusetts. The plaintiff produced a single newspaper ad from the Boston Globe for the Dawn Beach Hotel in St. Maarten. The court found for defendant, basing its decision on the one advertisement provided. The court held that the evidence submitted by the plaintiff, specifically, “a single ad, placed by a travel agency, listing the defendant’s hotel with no mention of solicitation of timeshares ...” did not support the plaintiff’s claim of periodically doing or soliciting business in Massachusetts. Court’s Findings and Memorandum of Decision, p. 2.
Case law demonstrates that “a claim of personal jurisdiction over a nonresident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution? Jurisdiction is permissible only when both questions draw affirmative responses... [t]he two questions tend to converge.” Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1,4 (1979). Jurisdiction is conferred “only when some basis enumerated in the statute has been established.” Tatro v. Manor Care, Inc., 416 Mass. 763 (1994), quoting from Good Hope Indus., Inc. v. Ryder Scott Co. supra. *108 If the literal requirements of the G.Lc. 223A are satisfied, it must also be established that the exercise of jurisdiction is consistent with due process requirements. Id. at 5, 6.
After review of the facts in this case, we conclude that c. 223A, §3A confers jurisdiction. The facts presented here resemble those in Good Hope Industries v. Ryder Scott Co., supra in which the court held that defendant’s contacts with Massachusetts, namely sending periodic appraisal reports over a one year period, mailing monthly invoices the plaintiff for a seventeen month period and regularly accepting checks from plaintiff drawn on Massachusetts banks were sufficient to confer jurisdiction over the defendant under G.Lc. 223A, §3 in the literal sense, and that the cause of action had arisen in part as a result of the transaction of business in Massachusetts. Id. at 6,7.
In this case, the defendant had a relationship with a Massachusetts vendor to advertise its hotel; that defendant then contracted with a Massachusetts resident after hosting him at the hotel; that defendant mailed plaintiff payment vouchers for his monthly payments; twenty-five payments drawn on a local bank were accepted by defendant; defendant sent periodic reports and newsletters regarding the status of the hotel and represented (hat the hotel was rebuilding; in these reports and letters, defendant urged plaintiff to continue to make payments; plaintiff relied on the representation that the hotel was being'rebuilt in continuing to make payments.[5]
Plaintiff has alleged in his complaint that defendant fraudulently misrepresented the status and progress of rebuilding efforts in order to continue to receive monthly payments. In Burtner v. Burnham, 13 Mass. App. Ct. 158, 163 (1982), the court adopted the holding in Murphy v. Erwin-Wasey, Inc., 460 F.2d 661, 663-664 (1st Cir. 1972), “[Wjhere ‘a defendant knowingly sends into a state a false statement, intending that it should be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within the state.’” Here the trial court failed to consider that by means of a series of newsletters over a two year period, a cause of action arose in part out of the correspondence. The defendant’s conduct caused sufficient reliance by the plaintiff in Massachusetts to come within c. 223, §3.
The “transacting any business” clause of c. 223A has been interpreted broadly in Massachusetts. Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent will suffice to satisfy this requirement. Tatro v. Manor Care, Inc., supra at 768. Defendant through an ad urged plaintiff to visit its hotel where it entered into a purchase agreement with plaintiff, necessitating further contact and correspondence. These actions were not without commercial consequences in Massachusetts. The ongoing relationship between plaintiff and defendant over a two year period was sufficient to confer jurisdiction over the defendant under G.Lc. 223A §3.
Defendant notes Droukas, supra in which plaintiff responded to an ad by defendant for two marine engines in a nautical publication distributed in Massachusetts, and in which the court found that defendant’s contacts were insufficient to support jurisdiction. In that case there was no similar ongoing relationship between plaintiff and defendant.
The constitutional requirement for jurisdiction is set out in International Shoe Co. v. Washington, 326 U.S. 310 (1945) wherein the court said, ‘The governing principle is the fairness of subjecting a defendant to a suit in a distant forum. Only if the nonresident defendant has such minimum contacts with the state ‘that the *109 maintenance of the suit does not offend “traditional notions of fair play and justice,”’ or if the defendant has performed some acts ‘by which [it] purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws,’ Hanson v. Denkla, 357 U.S. 235 (1958); McGee v. International Life Insurance Co., 355 U.S. 220 (1957), may the forum, consistently with due process, extend its long arm to embrace it.” Good Hope Industries, Inc. v. Ryder Scott Co., supra, quoting from Great W. United Corp. v. Kidwell, 557 F.2d 1256, 1266 (5th Cir. 1978). Here, the defendant knowingly and purposefully sent materials to plaintiff over two years; plaintiff made payments drawn on Massachusetts banks. It was reasonably foreseeable that decisions would be made in Massachusetts based on defendant’s purposeful actions.
While the assertion of jurisdiction may result in some inconvenience for the defendant, it is not a surprise. Id. at 12. As the court stated in Tatro, supra, “It is not unreasonable to require a hotel that deliberately draws its customers (and hence its income) from many, if not all states, including Massachusetts, and that has resources of a large business, including a legal department, to defend itself in Massachusetts. The plaintiff manifestly lacks such resources. Requiring him to bring suit in California might prove an unsurpassable barrier to judicial consideration of his claim.” Tatro, supra at 773.
The motion to dismiss is vacated and the matter returned to the trial list for further proceedings.

 After the defendant’s motion to dismiss was filed, plaintiff amended his complaint to include a paragraph entitled “Jurisdiction.” Plaintiff alleged jurisdiction on the basis that “by defendant periodically advertising in the Boston Globe in 1995 and by listing Dawn Beach Hotel through various travel agencies with which plaintiff contacted [sic] and by listing in various mailings directly received by plaintiff, thereby making plaintiff aware of, and prompting him to make reservations at the Dawn Beach Hotel in March, 1995. See Plaintiff’s Motion to Amend Complaint.

 The note states that the maker submits to the jurisdiction of the courts of the Netherlands Antilles.

 “Widespread use of the telephone and the mails make[s] actual physical presence unnecessary in many cases.” Good Hope Industries, Inc. v. Ryder Scott Co., supra at 11, quoting from Magraw v. Matthaei, 340 F.Supp. 164 (E.D. Mich. 1972).

 The plaintiff was pro-se. The parties did not engage in discovery relating to jurisdictional issues prior to the motion to dismiss.