VENTURE TAPE CORP., Plaintiff,

v.

McGILLS GLASS WAREHOUSE and Don Gallagher, Defendants.

No. 03–CV–11045–MEL.

United States District Court, D. Massachusetts.

Oct. 20, 2003.

Kathryn Rivard Colburn, Christopher J. Cunio, Harry L. Manion, III, Cooley, Manion, Moore & Jones LLP, Boston, MA, for Venture Tape Corp., Plaintiff.

Hodges Brown, Jr., H. Brown & Associates, Cambridge, MA, Don Gallagher, North Hollywood, CA, for McGills Glass Warehouse, Don Gallagher, Defendants.

## MEMORANDUM AND ORDER

LASKER, District Judge.

Venture Tape Corporation ("Venture Tape") brings this action against McGills Glass Warehouse and Don Gallagher (collectively "McGills") alleging trademark infringement, misappropriation of goodwill, and unfair competition under the Lanham Act and its Massachusetts equivalent, M.G.L. ch. 110B.

Defendant moves to dismiss for lack of personal jurisdiction. The motion is DENIED.

### I.

The following facts, taken from Venture Tape's complaint, are accepted as true. Venture Tape is a Massachusetts corporation engaged in the business of manufacturing and selling high-quality adhesive tape products. It is the preeminent manufacturer/distributor of adhesive products for certain niche markets, including the stained glass market. One of its signature products for this industry is its "BLACK BACK" copper foil, on which it holds a trademark and a patent. It maintains a website, www.venturetape.com, through which it promotes various products. McGills is a sole proprietorship located in California. It supplies products to the stained glass industry, and maintains a website, www.mcgillsglass.com, through which it sells various products, none of which is manufactured by Venture Tape. The site is interactive in that users located anywhere in the country (or, indeed, the world) may use it to place orders, to e-mail the company, or to subscribe to its mailing list.

Venture Tape holds two trademark registrations on "Venture Tape," numbers 1,579,001 and 1,583,644. These registrations give Venture Tape the right to use the mark "Venture Tape" and its derivatives, including "Venture Foil," throughout the United States. Cunio Aff. ¶ 10.

Venture Tape alleges that McGills, without Venture Tape's knowledge or authorization, imbedded the terms "Venture Tape" and "Venture Foil" within a website's HTML code and directly on a page within its website in such a way (white letter on a white background) that the letters are not visible. According to Venture Tape, this has led McGills' website to appear prominently in lists generated by entering these terms in Internet search engines, causing potential Venture Tape customers to be steered to the McGills website and diverted from Venture Tape's own website.

McGills has its principal place of business in California. There is no contractual relationship between the parties, and Venture Tape has alleged no connection be-

tween McGills and Massachusetts other than the ability of Massachusetts residents to access the continuously available, interactive website operated by McGills.

## II.

■ Venture Tape, as the plaintiff, bears the burden of establishing both that McGills' conduct satisfies the Massachusetts long-arm statute, M.G.L. ch. 223A, § 3, and that the exercise of jurisdiction pursuant to this statute comports with the due process requirements of the Fourteenth Amendment to the United States Constitution.

Under the Massachusetts long-arm statute:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
> . . .
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth . . . .

M.G.L. ch. 223A, § 3(d). Here, the first element (causing injury by an act elsewhere) is met because in trademark infringement cases, the injury is said to have occurred where the trademark owner is located. *Hasbro, Inc. v. Clue Computing, Inc.*, 994 F.Supp. 34, 39 (D.Mass.1997). The second element (regular solicitation of business in Massachusetts) is met by McGills' maintaining an interactive website that is continuously available to Massachusetts residents. *See Digital Equip. Corp. v. AltaVista Tech., Inc.*, 960 F.Supp. 456, 466–67 (holding that the defendant's website, which was continuously accessible to Massachusetts residents, "plainly solicits business in Massachusetts.") *See also N.*

*Light Tech. v. N. Lights Club*, 97 F.Supp.2d. 96, 105 (D.Mass.2000), *aff'd on other grounds*, 236 F.3d 57 (1st Cir.2001); *Hasbro*, 994 F.Supp. at 44.

■ The more difficult issue lies in the constitutional analysis. In order to support a finding of specific jurisdiction, a plaintiff must establish that the defendant has "minimum contacts" with the forum and that "subjecting the defendants to the court's jurisdiction comports with 'traditional notions of fair play and equal justice.'" Minimum contacts are said to exist if the three factors of relatedness, purposeful availment, and reasonableness are fulfilled. *Digital Equip. Corp. v. AltaVista Tech., Inc.*, 960 F.Supp. 456, 467 (D.Mass.1997).

Of these three factors, purposeful availment presents the plaintiff with the highest hurdle. It is undisputed that the defendant is domiciled in California and conducts the majority of his business there and elsewhere on the West Coast. The plaintiff has presented no evidence of sales made to Massachusetts residents, or specific solicitations directed at the Commonwealth.

The First Circuit has not addressed the question whether an interactive website, located outside Massachusetts and directed at Massachusetts residents only in the sense that it is directed at residents of every state, may on its own fulfill the requirement of purposeful availment. Most courts confronting this question have required "something more" than simply making an interactive website available. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452–3 (3d Cir.2003) (listing cases). In *Toys "R" Us*, the Third Circuit considered a website based in Spain that was available to Internet users around the globe. It held that "the mere operation of a commercially active web site should not subject the operator to jurisdiction any-

where in the world." 318 F.3d at 454. Instead, "there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by (1) directly targeting its web site to the state, (2) knowing interacting with residents of the forum state via its web site, or (3) through sufficient other related contacts." *Id.*

Here, there is no indication that McGills targeted Massachusetts residents in any way, and no evidence has been presented regarding sales to Massachusetts residents. However, there is indeed "something more" to suggest that McGills should anticipate being haled into court in Massachusetts: the fact that the target of the alleged trademark infringement was a Massachusetts company. "Where the case involves torts that create causes of action in a forum state (even torts caused by acts done elsewhere) ... the threshold of purposeful availment is lower. The defendant allegedly causing harm in a state may understandably have sought no privileges there; instead the defendant's purpose may be said to be the targeting of the forum state and its residents." *Digital,* 960 F.Supp. at 469 (citing *Calder v. Jones,* 465 U.S. 783, 789–90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)). In *Calder v. Jones,* the Supreme Court held that those responsible for a National Enquirer article about a California-based celebrity should "anticipate being haled into court there to answer for the truth of their statements." *Calder,* 465 U.S. at 790, 104 S.Ct. 1482. Like a "gunman firing across a state line," *see Digital,* 960 F.Supp. at 469 (citation omitted), or an out-of-state journalist writing a libelous story about a Massachusetts resident, McGills allegedly directed harmful acts at a Massachusetts entity. Thus, while the mere existence of an interactive website might not be enough to establish personal jurisdiction over McGills in a randomly chosen East Coast state, McGills' alleged misuse of trademarks belonging to a Massachusetts company is enough to constitute minimum contacts for the purposes of establishing personal jurisdiction.

Accordingly, the motion to dismiss is DENIED.