Lu, J.
The plaintiff Stephen Kolberg (Kolberg) sued the defendant, Roger Channell (Channell), in connection with the sale of a jeep by Channell to Kolberg on eBay, the internet auction website. Channell responded with a motion to dismiss for lack of personal jurisdiction over him, which the trial judge allowed. Agreeing with the trial judge that there is no basis to assert personal jurisdiction over Channell, we affirm the trial judge’s allowance of the motion and dismiss the appeal.
Kolberg alleges that Channell misrepresented and intentionally concealed the badly damaged condition of the jeep. His complaint alleges deceit (Count I), fraudulent concealment (Count BO, breach of contract (Count ID) and violation of G.Lc. 93A (Count IV).
Channell is a resident of West Virginia, and Kolberg a resident of Massachusetts. Channell moved to dismiss the action under Mass R Civ. E, Rules 12(b) (2) and 12(c), asserting that this court did not have personal jurisdiction over him. The trial judge allowed the motion to dismiss. Kohlberg appealed that dismissal and argues that Channell was transacting business within the meaning of G.Lc. 223A, §3(a), the Massachusetts long arm statute.
Channell posted the advertisement for the jeep on eBay and Kolberg submitted the winning bid from his computer in Massachusetts. There were telephone calls and *19 emails between Kolberg and Channell to facilitate the transaction; Kolberg stated in his affidavit that Channell sent about eleven e-mails to Kolberg in Massachusetts in August, 2002 and he attached two of them as exhibits. When Kolberg learned that he had submitted the winning bid, he went to West Virginia to pick up the jeep.
Under G.L.c. 223A, §3 (a) “ [a] court may exercise personal jurisdiction over a person ... as to a cause of action... arising from the person’s (a) transacting any business in this commonwealth [.] ” Two requirements must be satisfied in order for this court to assert jurisdiction over Channell pursuant to subsection 3(a). Channell must have transacted business in Massachusetts, and Kolberg’s claim must have arisen from the transaction of that business by Channell. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). If the statutory basis for jurisdiction has been satisfied, Kohlberg must also show that “ ‘the exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United States Constitution.’” Tatro v. Manor Care, Inc., supra, quoting Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979). The burden of establishing the basis for jurisdiction under G.Lc. 223A, §3 lies with Kohlberg. Tatro v. Manor Care, Inc., supra.
The “transacting any business” statutory language in G.L.c. 223A, §3 (a) has been construed fairly broadly. Tatro v. Manor Care, Inc., supra; Heins v. Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG, 26 Mass. App. Ct. 14, 17 (1988). Thus, the purposeful and successful solicitation of business from residents of the Commonwealth will generally satisfy this requirement, but an isolated and minor transaction with a Massachusetts resident is insufficient. Tatro v. Manor Care, Inc., supra; see also Sullivan v. Hotown N.V., 1998 Mass. App. Div. 106, 108 (1998) (Numerous and ongoing Massachusetts contacts between the plaintiff and the defendant, including an ongoing business relationship that covered a two year period, were sufficient to confer jurisdiction over the defendant under G.Lc. 223A, §3 (a)). Channell is not a resident of Massachusetts, and he neither owns a business nor conducts any significant business activity here. The only connection asserted by Kolberg is the advertisement on eBay for the sale of the jeep. Channell does not satisfy the statutory requirement even with the benefit of a broad construction of its provisions.
Kolberg has cited to two decisions from the United States District Court for the District of Massachusetts. See Venture Tape Corp. v. McGillis Glass Warehouse, 292 F. Supp. 2d 230 (D. Mass. 2003); Digital Equip. Corp. v. Altavista Tech., Inc., 960 F. Supp. 456 (D. Mass. 1997). The decisions offer some support for his position that maintenance of an interactive website that is continuously available to Massachusetts residents satisfies the requirements of the long arm statute. The scenarios in these cases are readily distinguishable from this case because Channell did not sell the jeep to Kolberg from his own personal or business website. Rather, he placed the item for sale to the highest bidder on eBay. Channell did not maintain eBay’s website, he only maintained a minimally interactive listing, very similar to other eBay listings, nor does the record indicate that he maintained multiple listings or listings targeted to Massachusetts residents. Channell’s act did not constitute the transaction of business in Massachusetts. See Weiss v. S&A Associates, No. 03-3975 (Sup. Ct. March 17, 2004) (set forth in addendum to Channell’s brief). In Weiss, as in this case, eBay chose the winning bidder.
Moreover, Massachusetts decisions that have declined to exercise personal jurisdiction over defendants support Channell’s position. See Intech, Inc. v. Triple “C” Marine Salvage, Inc., 444 Mass. 122, 122-124 (2005) (defendant, a Louisiana corporation with no office, property or bank account in Massachusetts, placed an advertisement in a publication distributed in Massachusetts, spoke on the telephone through its president with an agent of the plaintiff, a Massachusetts corporation, and negotiated the sale of two vehicles, which were shipped to a location outside of Massachusetts); Morrill v. Tong, 390 Mass. 120, 130-133 (1983) (Court held that the following actions by the defendant, considered singly or in combination, did not justify the assertion of jurisdiction under G.Lc. 223A, §3 (a): sending monthly child support payments *20 to the plaintiff, a Massachusetts resident, over a period of three years; maintenance of his Navy identification card for his children’s benefit; sending letters, gifts and cards to his children in Massachusetts; having telephone conversations with his children in Massachusetts; sending a letter to the plaintiffs Massachusetts attorney in response to a letter from such attorney; and living in Massachusetts while married to the plaintiff for four months in 1962 and one month in 1970); Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 153 (1978) (Where the defendant's contacts with Massachusetts and with the plaintiff, a Massachusetts resident, consisted of the placement of an advertisement in a publication distributed in the Commonwealth, the receipt in Florida, which was the defendants principal place of business, of a telephone call from the plaintiff in Massachusetts regarding the purchase, the sending of correspondence to the plaintiff confirming the sale and the shipment of goods to Massachusetts, the defendants contacts with Massachusetts were insufficient to constitute the transaction of business in Massachusetts under G.Lc. 223A, §3 (a)).
The cases cited by Kolberg at oral argument are distinguishable. Kleinerman v. Morse, 26 Mass. App. Ct. 819, 822-3 (1989) (parent company’s control of in-state subsidiary and intermingling of officers and directors conferred jurisdiction); Balloon Bouquets, Inc. v. Balloon Telegram Delivery, Inc., 18 Mass. App. Ct. 935 (1984) (widespread use of telephone and mail to enter into agreements with and maintain ongoing business relationships with multiple Massachusetts businesses sufficient to confer jurisdiction); Gunner v. Elmwood Dodge, 24 Mass. App. Ct. 96, 100-101 (1987) (Defendant’s persistent newspaper advertising targeting Massachusetts customers established jurisdiction).
Apart from the Massachusetts long arm statute, Channell’s limited connections with Massachusetts do not satisfy Constitutional due process requirements for jurisdiction. This analysis begins with the question of whether Channell “ purposefully established ‘minimum contacts’ in [Massachusetts].” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). A defendant cannot reasonably anticipate being subject to out-of-state litigation unless “ ‘there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.’” Burger King Corp., supra at 474-75, quoting Hanson v. Denckla, 357 U. S. 235, 253 (1958). The “ purposeful availmenf’ requirement ensures that no defendant will be haled into a foreign jurisdiction solely as a result of contacts that are random, fortuitous or attenuated. Burger King Corp., supra at 475, citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984). Channell’s sale of the jeep on eBay to Kolberg was random and established only an attenuated connection to Massachusetts. Channell could not reasonably anticipate being subject to a lawsuit in Massachusetts based on this act.
We affirm the trial judge’s allowance of Channell’s motion to dismiss and dismiss Kohlberg’s appeal.