UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Multiple Energy Technologies,
        Plaintiff

        v.                                    Case No. 22-cv-209-SM
                                              Opinion No. 2022 DNH 142

Kymira, Ltd.,
        Defendant


**O R D E R**


Multiple Energy Technologies ("MET") is a Delaware company with its principal place of business in Pennsylvania. It manufactures and sells a bioceramic powder called "Redwave." It also sells finished textile products manufactured with Redwave directly to consumers. According to MET, bioceramics can be incorporated into garments, sheets, and other textiles and, if implemented correctly, will reflect the wearer's body heat back to his or her body as infrared energy, thereby bestowing various benefits.

MET brings this action against Kymira, Ltd., which is a British company with its principal place of business in Reading, England, United Kingdom. Kymira sells clothing that incorporates a competing bioceramic material called "Celliant"

(a product that is manufactured and licensed by Hologenix LLC). MET alleges that Hologenix and its customers - including Kymira - have engaged in various efforts to differentiate Celliant from other bioceramics in the market, including MET's product Redwave. As part of those efforts, says MET, Kymira has falsely promoted its products manufactured with Celliant as, among other things, having been "FDA medically certified" and having secured FDA "approval," "certification," "authorization," and "endorsement." MET also asserts that Kymira has made numerous false, misleading, and/or deceptive claims about various health benefits associated with the use of Kymira's products. In turn, says MET, various media outlets and product reviewers have adopted Kymira's false and/or misleading statements in a number of publications. MET claims Kymira's false and deceptive advertising campaign has and continues to cause it harm. It seeks damages and injunctive relief for Kymira's alleged violations of the Lanham Act.[1]

---

[1]    It appears that MET has already litigated similar claims against Hologenix, the manufacturer of the competing bioceramic material called Celliant. MET says the parties settled those claims for $2.3 million and Hologenix agreed to the entry of a permanent injunction banning it and its agents from stating or suggesting that the FDA has "approved" Celliant or determined that Celliant promotes any health or wellness benefits. MET alleges that despite being aware of that litigation and permanent injunction, Kymira continues to make false, misleading, and/or deceptive claims about products manufactured with Celliant.

2

Pending before the court is Kymira's motion to dismiss for lack of personal jurisdiction. For the reasons discussed, that motion is denied for now, without prejudice.

**Standard of Review**

The court's standard of review and MET's burden of production are well-established and have been discussed many times in the past. See, e.g., Battle Foam, LLC v. Wade, 2010 DNH 108, 2010 WL 2629559, at *2-3 (D.N.H. June 29, 2010). That discussion need not be repeated. It is sufficient to note the following.

When a defendant challenges the court's personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the "plaintiff has the burden of establishing that jurisdiction over the defendant lies in the forum state." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). Allegations of jurisdictional facts are construed in the plaintiff's favor, see Buckley v. Bourdon, 682 F. Supp. 95, 98 (D.N.H. 1988), and if, as here, the court proceeds based upon the written submissions of the parties without an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. See generally A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 n.5 (1st Cir. 2016). See also Kowalski v.

3

Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986); Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 674-75 (1st Cir. 1992).

Court's may exercise either "general" or "specific" personal jurisdiction over a defendant. Here, MET invokes the court's specific personal jurisdiction. "Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (cleaned up). "The constitutional test for determining specific jurisdiction has three distinct components, namely, relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness." Adelson v. Hananel, 652 F.3d 75, 80-81 (1st Cir. 2011) (cleaned up). See also Sawtelle v. Farrell, 70 F.3d 1381, 1389-95 (1st Cir. 1995) (describing the three essential jurisdictional elements as "relatedness," "purposeful availment," and the so-called "Gestalt factors").

## Background

According to MET's complaint, Kymira began marketing and selling its products in the United States (without excluding New Hampshire) in or around 2018. Since then, Kymira has made a few

4

sales over the Internet to residents of New Hampshire. Customers in the United States are able to purchase Kymira's products through its website in U.S. dollars and have those products delivered directly to them via the DHL shipping service. Part of Kymira's marketing strategy involves targeting and developing relationships with elite American athletes and professional sports teams. MET says Kymira now works with at least two NFL teams (the Houston Texans and the San Francisco 49ers) and "directly targets professional and elite athletes in baseball and Major League Soccer." Memorandum in Opposition (document no. 19-1) at 3. Kymira also works with the athletic departments at the University of Texas, Rutgers University, the University of Alabama, and Princeton University. Id. Additionally, Kymira's social media promotes its activities in the United States, including its attendance at conferences and trade shows in Texas, Oklahoma, and Pennsylvania.

Moreover, says MET, Joseph Boyle, a resident of Nashua, New Hampshire, is Kymira's "Vice President of Business Development for North America." Boyle lives, and, at least in part, works in New Hampshire. Kymira's website and social media direct customers based in the United States to contact Mr. Boyle with sales and product inquiries.

5

Given those contacts with New Hampshire, MET asserts that Kymira is subject to personal jurisdiction in this forum. If it is not, says MET, surely Kymira must be subject to personal jurisdiction in some federal court within the United States. With that in mind, after MET filed this suit, it contacted Kymira to ask where it believed it was subject to personal jurisdiction in the United States, if not in New Hampshire. Kymira refused to respond. MET then informed Kymira that although it believes jurisdiction is proper in New Hampshire, it would be willing to "consider moving the case to another state where Kymira agrees it is subject to jurisdiction." Exhibit 12 to Sullivan Affidavit (document no. 19-14). Kymira's counsel declined to concede jurisdiction in any forum, stating that, "We can address that issue after resolution of the motion to dismiss." Id.

## Discussion

In support of its view that this court lacks personal jurisdiction over it, Kymira asserts that it has only limited and tangential contacts with this forum. Specifically, it says:

1. Its principal place of business is in England;

2. It has no employees in New Hampshire - all employees reside in the United Kingdom;

6

3. Although Mr. Boyle, Kymira's "Vice President of Business Development for North America," lives in (and apparently works out of) New Hampshire, he is merely an "independent contractor";[2]

4. Kymira's contract with Boyle specifically notes that it is governed by the laws of England and Wales - a fact Kymira says demonstrates that it has not "purposefully availed" itself of the benefits and protections of New Hampshire law;

5. The injury (if any) to MET stemming from Kymira's conduct was felt in Pennsylvania (where MET is headquartered) and not New Hampshire (where MET has virtually no contacts); and

6. Kymira owns no real or personal property in this forum, is not licensed to do business here, has not paid taxes in New Hampshire, and no "employee" has ever traveled to this forum to conduct business.

See Memorandum in Support of Motion to Dismiss (document no. 15-1) at 2-3.

In response, MET asserts that: there is a nexus between Kymira's allegedly false advertising and its sales in New Hampshire (though MET has not yet offered evidence supportive of that claim); Kymira has purposefully availed itself of the privilege of doing business in this forum by operating an interactive website that is accessible to (and has been used by)

_____

[2] Although Kymira plainly believes that the distinction between an "employee" and an "independent contractor" is a meaningful one in this context, it has not explained the basis for that view.

7

New Hampshire residents to purchase Kymira's products; Kymira has made sales (albeit modest ones) to residents of New Hampshire; and its sole sales agent for all of the United States lives in and works out of New Hampshire.

If that is not sufficient to exercise personal jurisdiction over Kymira, MET says it should be permitted to engage in limited jurisdiction discovery, so it might understand:

> details about [Kymira's New Hampshire-based sales agent's] efforts to sell and market Kymira's products;
>
> its total sales in the United States and how those sales are broken down by state;
>
> where it files tax returns; [and]
>
> [the nature and extent of] its well-established partnerships with United States professional sports organizations such as the National Football League, the National Basketball Association and Major League Soccer.

Opposition Memorandum at 2. MET goes on to say that:

> These facts would clearly be helpful in determining whether exercising personal jurisdiction over Kymira in New Hampshire comports with due process. In addition, this discovery would also provide evidence of where Kymira is subject to jurisdiction if not New Hampshire given Kymira's refusal to discuss where it is subject to jurisdiction and instead it seems that it wants to keep MET guessing as to where it would be subject to jurisdiction. Thus, if this Court is not satisfied that jurisdiction is proper at this juncture, MET respectfully requests that the Court

8

> deny the Motion and allow it to conduct jurisdictional discovery.

Id. at 15.

The court is inclined to agree that jurisdictional discovery is appropriate. First, MET's claims against Kymira are non-frivolous. Indeed, given the outcome of MET's earlier litigation against Hologenix, at least some would appear to have merit. Consequently, dismissal of those claims would not be in the interests of justice. If the court were to determine that it may not properly exercise personal jurisdiction over Kymira, it would be appropriate to transfer this proceeding to a jurisdiction that could. See 28 U.S.C. § 1631. Jurisdictional discovery would plainly reveal which jurisdictions in the United States would be appropriate for this litigation.

Second, MET's request for jurisdictional discovery is both timely and supported by a colorable claim that the court may properly exercise personal jurisdiction over Kymira. Moreover, MET has identified facts which, if uncovered during discovery, would support the exercise of personal jurisdiction in this forum. See, e.g., O'Neil v. Somatics, LLC, 2020 DNH 208, 2020 WL 7043559, at *2 (D.N.H. Dec. 1, 2020) ("District courts enjoy broad discretion when deciding whether to grant a request for

9

jurisdictional discovery. The request must be 'timely and properly supported,' must proffer a 'colorable claim' for jurisdiction, and must 'present facts to the court which show why jurisdiction would be found if discovery were permitted.'" (cleaned up)). See also K.B. v. Inter-Cont'l Hotels Corp., No. 19-CV-1213-AJ, 2020 WL 8674188, at *8 (D.N.H. Sept. 28, 2020); Ticked Off, Inc. v. TickCheck, LLC, 2019 DNH 182, 2019 WL 5295148, at *1 (D.N.H. Oct. 17, 2019). MET has satisfied that modest burden.

## Conclusion

It is not yet clear whether this court may properly exercise personal jurisdiction over Kymira. Jurisdictional discovery will be useful in resolving that question. Moreover, because Kymira's contacts with the United States appear to be significant, if it is not subject to suit here, it is likely subject to suit in some other federal district. Prolonged and costly litigation aimed at revealing the appropriate forum for this litigation would not be an efficient use of judicial or private resources.

For the foregoing reasons, Kymira's motion to dismiss for lack of personal jurisdiction (**document no. 15**) is denied,

10

albeit without prejudice to refiling if counsel can do so in good faith following jurisdictional discovery.

MET shall conduct limited discovery related to facts that bear on the issue of personal jurisdiction, here or elsewhere. The period in which jurisdictional discovery may be had will close on February 15, 2023. Counsel are expected to cooperate and facilitate expedited discovery. If counsel are unable to resolve discovery disputes despite their best efforts to do so, specific objections may be raised in a timely manner. As always, sanctions for failure to make disclosures or to cooperate in discovery under Federal Rule of Civil Procedure 37 are applicable here, and fees may be awarded to the prevailing party who files or opposes a motion to compel under Rule 37(a)(5).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 8, 2022

cc: Counsel of Record

11